### JOHN McINISH v. THE STATE.

#### No. 4692. Decided November 14, 1917.

**1 —Burglary—Exculpatory Statement—Charge of Court.**

Where, upon trial of burglary, the State introduced in evidence the confessions of defendant, in which were contained the exculpatory statement of defendant that he entered the house alleged to have been burglarized through an open door, the court's failure to instruct the jury that the State must show the exculpatory statements to be false is reversible error.

**2.—Same—Allusion to Defendant's Failure to Testify.**

The misconduct of the jury in alluding to and partially discussing the fact that defendant had failed to testify is not reviewed, as the case is reversed on other grounds.

**3.—Same—Evidence—Circumstances.**

Where, upon trial of burglary, the defendant in his confessions claimed that he had entered the house through an open door he should have been permitted to introduce testimony that the doors of the said burglarized house were in such condition that they might be opened at any time, and that they would not remain closed, etc

Appeal from the District Court of Wichita. Tried below before the Hon. Edgar Scurry.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Walter Nelson* and *T. F. Hunter,* for appellant.—On question of exculpatory confession: Pratt v. State, 59 Texas Crim. Rep., 635, 129 S. W. Rep., 364; Combs v. State, 52 Texas Crim. Rep., 613, 108 S. W. Rep., 649; Baggett v. State, 65 Texas Crim. Rep., 425, 144 S. W. Rep., 1136.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convivcted of burglary, his punishment being assessed at two years confinement in the penitentiary.

The State's contention is that appellant entered the house of one Bundenburg at night, in connection with another party, and took certain property. Appellant was carried before the grand jury and made a statement in writing, which the State introduced as a confession or admission. In this appellant admitted or confessed that he entered the house at night in company with a party named Allen. This confession or statement excludes the idea of a burglary, showing that the parties entered through an opened door. This is a sufficient statement to review one of the questions suggested for reversal.

The court failed to instruct the jury that where a confession is used it shall all be taken together, and where the confession or statement includes exculpatory statements, which disprove, or tend to disprove, the State's case, it devolves upon the State to show the exculpatory statements false, and the jury must be instructed along this line. This has been the well settled law in Texas, and the cases may be found collated on page 758 of Vernon's Ann. Crim. Proc. This matter was brought to the attention of the court in exceptions to the charge and special requested instructions which were refused. The evidence is sufficient, perhaps, to show that appellant had some of the goods taken from the house, but the account given of the possession of the goods and appellant's connection with it were such as to show that he did not commit burglary, but went through the open door. The evidence raises the question that the house may have been open. This is shown by the testimony of appellant.

There is another question raised, towit: misconduct of the jury in alluding to and partially discussing the fact that appellant failed to testify. This will not occur upon another trial, and, therefore, it is not discussed.

Another matter is suggested by bill of exceptions in this: appellant offered testimony to show that the doors of the house were in such condition that they might be open at any time. The witness whose testimony was rejected rented the alleged burglarized house something like a month after the supposed burglary, and would have shown, had he

been permitted to do so, that the door fastenings were in such condition that they would not remain closed unless securely fastened in some way, and that unless this was done they would in fact be open. Upon another trial we are of opinion that this testimony should go to the jury. It was a fact of a permanent nature belonging to the house and showing its condition, and in harmony with appellant's statement that the house was open and that it was not broken by him or Allen.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*